*In re* **LADEWIG**, Scott Lowell (MR 19512)
Crestwood, IL

Order of the Court:

The petition by the Administrator of the Attorney Registration and Disciplinary Commission for leave to file exceptions to the report and recommendation of the Review Board is denied. As recommended by the Review Board, respondent Scott Lowell Ladewig is suspended from the practice of law for three years, with the suspension stayed after five months by a 31-month period of probation pursuant to Supreme Court Rule 772, with probation to terminate without further order of Court, provided that respondent complies with the following conditions:

a. Within 30 days of the entry of the Court's order imposing discipline, respondent shall submit proof to the Administrator that he has made full and complete restitution to DePaul University of any and all amounts due and owing to that institution. Within six months of the Court's order he shall submit proof that he has closed the Audia estate.

b. Respondent shall attend meetings scheduled by the Commission probation officer as requested by the Administrator. Respondent shall submit quarterly written reports to the Administrator concerning the status of his practice of law and the nature and extent of his compliance with the conditions of probation.

c. Respondent shall notify the Administrator within 14 days of any change of address.

d. Respondent shall comply with the Illinois Rules of Professional Conduct and shall timely cooperate with the Administrator in providing information regarding any investigations relating to his conduct.

e. Respondent shall reimburse the Commission for the costs of this proceeding as defined in Supreme Court Rule 773 and shall reimburse the Commission for any further costs incurred during the period of probation.

f. At least 30 days prior to the termination of the period of probation, respondent shall reimburse the Disciplinary Fund for any Client Protection payments arising from his conduct.

g. Respondent shall submit to an independent audit of his client trust

account, conducted by an auditor approved by the Administrator, at respondent's expense, 12 months after the commencement of probation. Respondent and the Administrator shall each receive copies of the audit.

h. Respondent shall, within the first six months of probation, enroll in a law office management program sponsored by or through the Cook County, Chicago or other bar association and shall, upon enrollment, notify the Administrator, in writing, of the name of the attorney with whom respondent is assigned to work. Respondent shall successfully complete the law office management program at least 30 days prior to the end of the probation term. Through respondent's participation in the law office management program, respondent shall establish and utilize the following:

1. A system for maintaining records as required by Supreme Court Rule 769;

2. A diary and docketing system in accordance with the requirements established by the law office management program, including a mechanism by which approaching statutes of limitations and other filing deadlines are noted;

3. A system by which telephone messages are recorded and telephone calls are returned in a timely manner;

4. A system by which written requests by clients for the status of their legal matters are responded to, either orally or in writing, in a timely manner;

5. A system whereby clients are apprised at the outset of representation of the basis upon which fees will be calculated and costs paid;

6. For cases in which the fee is to be calculated on an hourly basis, a system by which clients are provided with regular itemized billing statements provided at least quarterly, setting forth the services performed by respondent, the date upon which each service was performed, the time spent by respondent on each service and the amount to be charged to the client; and

7. A system for the handling of funds belonging to clients and third parties that conforms to the requirements of Rule 1.15 of the Illinois Rules of Professional Conduct.

i. Respondent shall authorize the attorney assigned to work with him in the law office management program to:

1. Disclose to the Administrator on a quarterly basis, by way of signed reports, information pertaining to the nature of respondent's compliance with the law office management program and the above described conditions;

2. Promptly report to the Administrator respondent's failure to comply with any part of the above described conditions; and

3. Respond to any and all inquiries from the Administrator regarding respondent's compliance with the above described conditions.

j. Respondent's practice of law shall be supervised by a licensed attorney (or attorneys) acceptable to the Administrator. Respondent shall notify the Administrator of the name and address of any and all attorneys with whom he establishes a supervisory relationship, and shall provide notice to the Administrator of any change in supervising attorneys within 14 days of the change. Respondent shall authorize the supervising attorney(s) to provide a report in writing to the Administrator, no less than every three months, regarding the nature of respondent's work, the number of cases being handled by respondent and the supervisor's general appraisal of the respondent's continued fitness to practice law.

k. Respondent shall continue in his course of treatment with Dr. Errek or such other qualified mental health professional acceptable to the Administrator, and shall report to Dr. Errek or such other qualified mental health professional on a regular basis, of not less than once per week, with the Administrator advised of any change in attendance deemed warranted by such professional.

l. Respondent shall comply with all treatment recommendations of Dr. Errek or such other mental health professional, including the taking of medications as prescribed.

m. Respondent shall provide to Dr. Errek or such other qualified mental health professional, an appropriate release as required under the Confidentiality Act of the Mental Health Code (740 ILCS 110/1 *et seq.*), authorizing the treating professional to: (1) disclose to the Administrator on at least a quarterly basis information pertaining to the nature of respondent's compliance with any treatment plan established with respect to respondent's condition; (2) promptly report to the Administrator respondent's failure to comply with any part of an established treatment plan; (3) respond to any inquiries by the Administrator regarding respondent's mental or emotional state or compliance with any established treatment plans.

n. Respondent shall notify the Administrator within 14 days of any change in treatment professionals.

o. Probation shall be revoked if respondent is found to have violated any of the terms of probation. The remaining 31-month period of suspension shall commence from the date of the determination that any term of probation has been violated.

Suspension effective October 15, 2004.

Respondent Scott Lowell Ladewig shall reimburse the Disciplinary Fund for any Client Protection payments arising from his conduct prior to the termination of the period of suspension/probation.